FILED

August 15, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 10:50 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
### (HEARD JULY 25, 2017, AT JACKSON)

| | |
|---|---|
| Vincent Taylor ) | Docket No.   2015-06-0361 |
| ) | |
| v. ) | State File No. 78226-2014 |
| ) | |
| American Tire Distributors, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Joshua D. Baker, Judge ) | |

---

### Affirmed and Remanded—Filed August 15, 2017

---

The employee, a worker for a tire manufacturer, asserted a claim for a work-related back injury, which the employer denied on the basis that the employee's injury was not work-related. The employee filed a petition for benefit determination, withdrew that petition, and refiled a new petition more than one year after the employer last paid benefits. The employer filed a motion for summary judgment, claiming that the withdrawal of the first petition was tantamount to a nonsuit and that the claim was barred by the statute of limitations because the second petition was filed more than one year after the employer's voluntary payment of benefits. The trial court determined the employee's withdrawal of the first petition amounted to an attempt to voluntarily nonsuit the claim. However, the court concluded the nonsuit was ineffective because no notice of nonsuit was filed and no order of nonsuit was entered by a judge. Accordingly, the trial court denied the motion for summary judgment, finding the claim remained active and was not barred by the statute of limitations. The employer has appealed. We affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

John R. Lewis, Nashville, Tennessee, for the employer-appellant, American Tire Distributors

Luvell L. Glanton, Nashville, Tennessee, for the employee-appellee, Vincent Taylor

**Factual and Procedural Background**

Vincent Taylor ("Employee") alleges suffering injuries to his back lifting tires while working for American Tire Distributors ("Employer") on September 25, 2014. Employer authorized a single medical visit and then denied the claim on the basis it was not work-related. On October 30, 2014, Employer paid for Employee's single authorized doctor's visit.

Thereafter, Employee filed a petition for benefit determination on June 12, 2015, seeking medical and temporary and permanent disability benefits. On July 17, 2015, Employee "withdrew" his petition in order to obtain additional medical proof. The withdrawal was memorialized in a "Notice of Withdrawal of Petition for Benefit Determination," which stated Employee "desire[d] to withdraw the [petition] to gather additional medical documentation." This document, signed and issued by a mediator, stated that the parties could file an amended petition using the same docket and state file numbers and that the mediator was issuing the notice of withdrawal pursuant to Tennessee Code Annotated section 50-6-236.

Employee filed a second petition for benefit determination approximately eight months later on March 11, 2016. This petition requested the same relief as the first petition, identified the same date of injury, described the same injury, and included the same docket and state file number. There is no dispute that the second petition sought benefits for the same injury as the first petition.

Employer responded by filing a motion for summary judgment. Employer argued that when Employee withdrew the first petition, the one-year statute of limitations in Tennessee Code Annotated section 50-6-203(b)(2) (2016) began running again and that, because the subsequent petition was filed over one year after the date of Employer's last voluntary payment on the claim, the claim was time-barred and should be dismissed.

The trial court concluded that because no order of nonsuit had been entered by a judge as required by Tenn. Comp. R. & Regs. 0800-02-21-.20(2) (2016), the claim had remained pending notwithstanding its purported withdrawal. The trial court further determined that the notice of withdrawal issued by the mediator had no legal effect on the claim because the mediator lacked the authority to issue "a binding order." Consequently, the trial court denied the motion for summary judgment. Employer has appealed.

**Standard of Review**

The grant or denial of a motion for summary judgment presents an issue of law and, therefore, our standard of review is *de novo* with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *McBee*

2

*v. CSX Transp., Inc.*, No. W2015-01253-COA-R3-CV, 2017 Tenn. App. LEXIS 129, at *14 (Tenn. Ct. App. Feb. 24, 2017). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250.

## Analysis

This case involves an issue of first impression, i.e., whether a "Notice of Withdrawal of Petition for Benefit Determination" issued by a mediator serves as a voluntary dismissal of the claim for purposes of the statute of limitations. Employer argues that the notice of withdrawal was an effective voluntary dismissal of the claim and that the second petition, which was filed more than one year after the voluntary payment of benefits by Employer, is time-barred and should be dismissed. Employee, on the other hand, argues that he did not voluntarily dismiss his claim but merely withdrew it until he could gather additional medical proof. He asserts that the second petition was filed consistently with instructions contained in the mediator's notice of withdrawal and that his claim is not time-barred.

A petition for benefit determination, defined as "a request for the Bureau to provide assistance in the resolution of any disputed issues in a workers' compensation claim," Tenn. Comp. R. & Regs. 0800-02-21-.02(17) (2016), is the functional equivalent of a complaint, *Duck v. Cox Oil Co.*, No. 2015-07-0089, 2016 TN Wrk. Comp. App. Bd. LEXIS 2, at *15 (Tenn. Workers' Comp. App. Bd. Jan. 21, 2016). As such, it is the vehicle by which a claim is commenced in the Court of Workers' Compensation Claims. *See* Tenn. Code Ann. § 50-6-203(b) (2016). Once a petition for benefit determination has been filed, there are only four possible resolutions of the petition in the Court of Workers' Compensation Claims: adjudication by a judge; settlement of the claim approved by a judge; a nonsuit or voluntary dismissal of the claim; or involuntary dismissal of the claim.[1]

Given that no mechanism exists in the workers' compensation statutes or regulations for "withdrawing" a petition for benefit determination, the trial court correctly concluded that a withdrawal is the functional equivalent of a notice of nonsuit and that, unless certain conditions are met, the nonsuit does not become effective.[2] Because those conditions were not met in this case, the trial court found that Employee's attempt to

---

[1] Employer correctly points out that a petition for benefit determination must be filed to take advantage of the Bureau of Workers' Compensation's mediation program, address discovery disputes, or have the settlement of a claim approved by a judge. However, such petitions are still concluded in one of the ways noted above: a settlement of the dispute, an adjudication of the dispute, or a dismissal of the dispute, either voluntary or involuntary.

[2] A nonsuit is a "voluntary dismissal of a case . . . without a decision on the merits." <u>Black's Law Dictionary</u> (10th ed. 2014).

withdraw, or nonsuit, his claim was ineffective and thus the claim remained an active claim despite its purported withdrawal. We agree.

Tennessee Code Annotated section 50-6-203 establishes a one-year statute of limitations. The statute provides, in pertinent part, that

> [i]n instances when the employer has voluntarily paid workers' compensation benefits, within one (1) year following the accident resulting in injury, the right to compensation is forever barred, unless a petition for benefit determination is filed with the bureau . . . within one (1) year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee.

Tenn. Code Ann § 50-6-203(b)(2). The parties agree that Employer made a single voluntary payment of benefits on October 30, 2014. There is also no dispute that Employee filed a petition for benefit determination within one year of that date. However, it was withdrawn on July 17, 2015, and a second petition was not refiled until some eight months later on March 11, 2016.

Although the statutes and regulations applicable to workers' compensation disputes contain no mechanism for the "withdrawal" of a petition for benefit determination, they do address nonsuits. Specifically, a party may take one voluntary nonsuit "at any time after it has been filed unless the employee has been awarded temporary benefits through an interlocutory order." Tenn. Comp. R. & Regs. 0800-02-21-.20(1) (2016). If a party elects to take a nonsuit, the party "may file a new claim for benefits within ninety (90) days of the order of dismissal." *Id.; see also* Tenn. Code Ann. § 50-6-239(c)(3) (2016) ("If a party who has filed a request for hearing files a notice of nonsuit of the action, either party shall have ninety (90) days from the date of the order of dismissal to institute an action for recovery of benefits . . . ."). However, "[a] notice of voluntary non-suit shall not become binding until an order of non-suit has been issued by a workers' compensation judge." Tenn. Comp. R. & Regs. 0800-02-21-.20(2).

Here, Employee did not file a notice of nonsuit and a judge did not enter an order of nonsuit as provided for in the regulations. The regulatory language, which has the force of law, *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *7 (Tenn. Workers' Comp. App. Bd. May 18, 2015), is clear and unambiguous – a nonsuit "shall not" become binding unless a judge issues an order to that effect, s*ee Thomas v. Zipp Express*, No. 2015-06-0546, 2017 TN Wrk. Comp. App. Bd. LEXIS 22, at *11 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 15, 2017) (the words "must" and "shall" are plain and unambiguous). No such order was entered in this case. Accordingly, the trial court correctly concluded that Employee's claim remained an active claim, despite the purported withdrawal of the petition.

Moreover, as noted by the trial court, a "notice of withdrawal" issued by a mediator has no legal effect.[3] It does not serve to nonsuit the claim, which is the only way a petition can voluntarily be withdrawn. Thus, if a party wishes to voluntarily withdraw its petition, its only avenue is through a nonsuit as provided for in the pertinent regulations. Otherwise, the claim remains pending and active. A contrary rule would enable a party to withdraw a petition for benefit determination any time the party desired more evidence to bolster its claim or defense, only to refile it, as many times as the party deemed necessary.[4] This on again/off again approach to litigating a workers' compensation dispute is inconsistent with the legislative mandate of resolving cases in a "fair, equitable, expeditious, and efficient" manner. Tenn. Code Ann. § 4-3-1409 (2016). This case is a prime example. The case lay dormant for approximately eight months after it began, the injury for which benefits are sought occurred nearly two years ago, and there is still no end in sight to the parties' dispute.

In sum, we hold that a "Notice of Withdrawal of Petition for Benefit Determination" issued by a mediator does not serve as a voluntary dismissal of the claim for purposes of the statute of limitations. Thus, the trial court properly denied Employer's motion for summary judgment.

## Conclusion

For the foregoing reasons, we affirm the decision of the trial court and remand the case for any further proceedings that may be necessary.

---

[3] Although the mediator indicated she was issuing the notice of withdrawal pursuant to Tennessee Code Annotated section 50-6-236, that statute does not address withdrawals or a mediator's authority to issue any such notice.

[4] If a party determines it needs additional time or information, it has multiple options available to it that do not serve to discontinue the litigation or deprive the court of its ability to control the pace of the litigation. For instance, a party may request more time or a continuance at the mediation stage, or it may proceed with the mediation process and address the need for additional time with the trial court at a scheduling hearing.



**FILED**

**August 15, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:50 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Vincent Taylor | ) | Docket No.    2015-06-0361 |
| | ) | |
| v. | ) | State File No.  78226-2014 |
| | ) | |
| American Tire Distributors, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 15th day of August, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Luvell Glanton | | | | | X | glantonfirm@gmail.com |
| John Lewis | | | | | X | john@johnlewisattorney.com |
| Joshua Davis Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov